IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOVONNE BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-10-803-M |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a). Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### III. PARTIES

4.     Plaintiff, JOVONNE BURRIS ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Oklahoma, County of Tulsa, and City of Broken Arrow.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant") or ("NCA") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

### IV. FACTUAL ALLEGATIONS

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector.

12. Defendant left Plaintiff multiple voicemail recordings on her cellular

telephone in which Defendant failed to notify Plaintiff that the call was from a debt collector.

13. During its initial communication with the Plaintiff, Defendant did not provide Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g, nor did Defendant provide Plaintiff with such notices within five (5) days thereafter.

14. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

15. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant failed to notify Plaintiff during each collection contact that the

communication was from a debt collector in violation of § 1692e(11);

19. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

21. During its initial communication with Plaintiff, Defendant did not provide Plaintiff with the notices required pursuant to 15 U.S.C. §1692g, nor did Defendant provide Plaintiff with such notices within five (5) days thereafter, in violation of § 1692g(a);

22. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 26th day of July, 2010

By: s/Alex D. Weisberg
Alex D. Weisberg
WEISBERG & MEYERS, LLC
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963facsimile
AWeisberg@AttorneysForConsumers.com
Attorney for Plaintiff